# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV50-RLV-DSC

| | |
|---|---|
| MICROBAN PRODUCTS COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| MICROBAN CANADA INC., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant Microban Canada Inc.'s "Motion to Stay Proceedings" (document #8) and "Memorandum of Law in Support of Motion to Stay" (document #9) and accompanying affidavits (documents #10 and #11) all filed April 1, 2010; and Plaintiff Microban Products Company's "Brief in Response to Motion to Stay Case" (document #18) and accompanying affidavits (documents #19 and #20) all filed May 19, 2010. On June 1, 2010, Defendant filed its "Reply Memorandum of Law in Support of Motion to Stay" (document #23).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Stay be **DENIED**, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Microban Products Company ("MPC") is a North Carolina corporation with its principal place of business in Huntersville, North Carolina. MPC is the owner or holder of certain

patents, proprietary technology, and knowledge related to the development and manufacture of a line of application-specific antimicrobial, antifungal and antiviral chemical agents which are embodied in various additives (the "Microban Additives").  Defendant Microban Canada, Inc. ("Microban Canada") is a corporation incorporated under the laws of Canada with its principal place of business in the Province of Quebec.  On November 1, 1997, MPC and Microban Canada entered into an Exclusive Distribution and Sales Representation Agreement ("EDSRA") whereby Microban Canada had the exclusive right to distribute the Microban Additives in Canada as well as the exclusive right to license the use of the Microban Additives and Microban trademarks to Canadian companies.

California Innovations ("CI") is a corporation incorporated under the laws of Canada with its principal place of business in the Province of Ontario.  CI is a manufacturer of soft-sided insulated products and diaper bags.  On December 1, 1998, CI entered into a License Agreement with MPC and Microban Canada and began adding the Microban Additives to its products.  In 2000, the three parties entered into a Trademark License Agreement and Technology License Agreement (the "Agreements") pursuant to which CI was granted licenses to use certain Microban trademarks, products and technology in the manufacture and marketing of its goods.  The Agreements were amended multiple times, with the Third Amendment, which is the last undisputed amendment, taking effect on October 1, 2006.

On September 27, 2009, CI filed a lawsuit in the Superior Court of the Province of Quebec, District of Montreal, entitled California Innovations Inc., Plaintiff v. Microban Products Company, Defendant and Microban Canada Inc., Mise en cause[1], No. 500-17-053225-093 ("Quebec Case").

---

[1] A mise en cause is a party whose presence is regarded as necessary to permit complete resolution of the action.  Unlike a defendant, no conclusions are usually sought against the mise en cause by the Plaintiff.  Pursuant to Quebec procedural law, a defendant usually cannot bring unrelated claims that it may have against a mise en cause. (Smith Aff. ¶5-document #19).

In the Quebec Case, CI claims that a valid and binding Fourth Amendment to the Agreements was entered into by the parties. CI requested the Quebec Superior Court enter a "safeguard order" ordering MPC to respect all of its obligations to CI under the Fourth Amendment and enjoin MPC from granting any licenses for certain Microban Additives for any product covered by the Fourth Amendment. MPC claims that it never approved the Fourth Amendment and therefore such amendment has never gone into effect.

On September 29, 2009, the Quebec Superior Court entered a safeguard order requiring MPC, Microban Canada and CI to conduct business under the terms of the Fourth Amendment. This order has been renewed on October 5, 2009, February 22, 2010 and March 31, 2010.

On February 8, 2010, MPC filed its Complaint (document #1) in this Court against Microban Canada alleging breach of the EDSRA, breach of implied covenant of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and requesting a declaration that it may terminate the EDSRA due to Microban Canada's breaches.

On April 1, 2010, Microban Canada filed its Answer (document #12) and denied that MPC has any claims against it. Additionally, Microban Canada brought two counterclaims against MPC. Microban Canada seeks a declaratory judgment that the Fourth Amendment is a valid and binding contract and that Microban Canada has not breached the EDSRA, as well as damages for MPC's breach of the EDSRA. On April 1, 2010, Microban Canada also filed the subject "Motion to Stay," which has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIM

Federal courts are bound by a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Chase Brexton Health Servs. v. Maryland, 411 F.3d 457, 462 (4th 2005 )(quoting Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976)). Federal

3

courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not." Id. (quoting Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404 (1821)). The Colorado River abstention doctrine recognizes that "in certain circumstances it may be appropriate for a federal court to refrain from exercising its jurisdiction to avoid duplicative litigation." Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000) (quoting Colorado River, 424 U.S. at 817-19). However, such abstention is the exception rather than the rule. Id.

Although the Colorado River abstention doctrine is usually examined in the context of parallel state court proceedings, the Fourth Circuit used the framework in Al-Abood v. El-Shamari, 217 F.3d 225 (4th Cir. 2000), to determine whether the district court had correctly denied a motion to defer to a foreign suit pending in Monaco. See also AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 516-18 (7th Cir. 2001) ("[W]e apply the same general principles with respect to parallel proceedings in a foreign court in the interests of international comity."); Finova Capital Corp. v. Ryan Helicopters USA, Inc., 180 F.3d 896, 898 (7th Cir. 1999)("Nevertheless, in the interests of international comity, we apply the same general [Colorado River] principles with respect to parallel proceedings in a foreign court."); Neuchatel Swiss General. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991) (finding that "the fact that the parallel proceedings are pending in a foreign jurisdiction rather than in a state court is immaterial. We reject the notion that a federal court owes greater deference to foreign courts than to our own state courts.").

In Al-Abood, the Fourth Circuit held that "the threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel suits." 217 F.3d at 232. Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." Id. (quoting New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072,

4

1072 (4th Cir. 1991)). However, actions that are virtually identical are not parallel if they raise different issues or seek different remedies. New Beckley Mining Corp., 946 F.2d at 1074. If the suits are considered parallel, "then a district court must carefully balance several factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Al-Abood, 217 F.3d at 232 (quoting Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983)). These factors include "the relative inconvenience of the federal forum, the relative order of the two suits, the source of law in the case, and the relative progress of the two proceedings." Id.

Microban Canada argues that the Quebec case and this case are parallel proceedings. Microban Canada points to the fact that Microban Canada and MPC are parties in both suits and the only difference is the addition of CI in the Quebec case. Additionally, they argue that the critical issues overlap on whether Microban Canada was authorized to enter into the Fourth Amendment and whether the Fourth Amendment is a valid and binding contract. They also argue that MPC's allegations as to why the EDSRA should be terminated focus on Microban Canada's conduct in connection with the negotiation and execution of the Fourth Amendment, an issue which is the focus of the Quebec case.

Contrary to Microban Canada's assertions, the undersigned finds that these two suits are not parallel proceedings. First, the parties to the suits are not the same. CI, the Quebec case plaintiff, is not a party to this suit, while Microban Canada, the Defendant in this suit, is only a mise en cause in the Quebec case. MPC cannot assert its claims against Microban Canada in the Quebec case.

Second, the issues involved in the two suits are different. The Quebec case seeks a determination of whether the Fourth Amendment to the Agreements is a valid contract between MPC and CI. Although there will be some overlap of the facts, especially regarding the Fourth

5

Amendment to the Agreements, the federal suit is broader than the Quebec case, and concerns the interpretation of a separate contract, the EDSRA, that is not at issue in the Quebec case. The interpretation of the EDSRA will determine a different set of rights between MPC and Microban Canada that are not at issue in the Quebec case. "The Fourth Circuit has been reluctant to find actions parallel where there is any substantive difference between the actions." R.J. Reynolds Tobacco v. Market Basket Food Stores, Inc., No. 5:05cv253-V, 2006 WL 2270403 at *6 (W.D.N.C. Aug. 7. 2006).

Finally, different relief is sought in the two suits. In the Quebec Case, CI seeks declaratory and injunctive relief. In this suit, both MPC and Microban Canada seek to recover monetary damages in addition to declaratory relief. Because the two suits involve different parties, different issues and different remedies, the undersigned finds that they are not parallel proceedings. See McLaughlin v. United Va. Bank, 955 F.2d 930, 934-35 (4th Cir. 1992) (stating that although the two actions involved similar claims and there were facts in common, the actions were not parallel because neither the parties nor the legal theories were the same); New Beckley Mining Corp., 946 F.2d at 1074 (noting that "some factual overlap does not dictate that proceedings are parallel."). Because these suits do not meet the threshold question of being parallel proceedings, it is unnecessary to examine the other abstention factors. See Al-Abood v. El-Shamari, 217 F.3d at 233.

Based on the above analysis, the undersigned respectfully recommends that Microban Canada's Motion to Stay be **DENIED**.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Microban Canada Inc.'s "Motion to Stay Proceedings" (document #8) be **DENIED.**

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)©, written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED.**

Signed: June 14, 2010

David S. Cayer
United States Magistrate Judge