UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-50

| | |
|---|---|
| MICROBAN PRODUCTS COMPANY, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>MICROBAN CANADA INC., )<br>  Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Microban Canada Inc.'s "Motion to Stay Proceedings" (Document #8) and "Memorandum of Law in Support of Motion to Stay" (Document #9) and accompanying affidavits (Documents #10 and #11) all filed April 1, 2010; and Plaintiff Microban Products Company's "Brief in Response to Motion to Stay Case" (Document #18) and accompanying affidavits (Documents #19 and #20) all filed May 19, 2010. On June 1, 2010, Defendants filed a "Reply Memorandum of Law in Support of Motion to Stay" (Document #23).

Pursuant to 28 U.S.C. 636(B)(1)(A) and the standing order of designation, this Court referred the case to Magistrate Judge David S. Cayer for recommended disposition. In a "Memorandum and Recommendation," filed June 15, 2010, Magistrate Judge Cayer recommended that Defendant's Motion to Stay be denied. Defendant filed its "Objections to Magistrate's Memorandum and Recommendation" (Document #25) on July 2, 2010; Plaintiff Microban Product's Company's filed its "Reply to Objections to Magistrate Judge's Memorandum and Recommendation" (Document #26) on July 19, 2010; and Defendant filed a "Reply to Response to Objections to Magistrate's Memorandum and Recommendation"

1

(Document #27) on July 29, 2010. All filings are deemed time and are considered herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Microban Products Company ("MPC") is a North Carolina corporation with its principal place of business in Huntersville, North Carolina. MPC is the owner or holder of certain patents, proprietary technology, and knowledge related to the development and manufacture a line of application-specific antimicrobial, antifungal and antiviral chemical agents which are embodied in various additives (the "Microban Additives"). Defendant Microban Canada, Inc. ("Microban Canada") is a corporation incorporated under the laws of Canada with its principal place of business in the Province of Quebec. On November 1, 1997, MPC and Microban Canada entered into an Exclusive Distribution and Sales Representation Agreement ("EDSRA") whereby Microban Canada had the exclusive right to distribute the Microban Additives in Canada as well as the exclusive right to license the use of the Microban Additives and Microban trademarks to Canadian companies.

California Innovations ("CI") is a corporation incorporated under the laws of Canada with its principal place of business in the Province of Ontario. CI is a manufacturer of soft-sided insulated products and diaper bags. On December 1, 1998, CI entered into a License Agreement with MPC and Microban Canada and began adding the Microban additives to its products. In 2000, the three parties entered into a Trademark License Agreement and Technology License Agreement ("the Agreements") pursuant to which CI was granted licenses to use certain Microban trademarks, products and technology in the manufacture and marketing of its goods. The Agreements were amended multiple times, with the Third Amendment, which is the last undisputed amendment, taking effect October 1, 2006.

On September 27, 2009, CI filed a lawsuit in the Superior Court of the Province of Quebec, District of Montreal, entitled California Innovations Inc., Plaintiff v. Microban Products Company, Defendant and Microban Canada Inc., Mise en cause[1], No. 500-17-053225-093 ("Quebec Case").

In the Quebec Case, CI claims that a valid and binding Fourth Amendment to the Agreements was entered into by the parties. CI requested the Quebec Superior Court enter a "safeguard order" ordering MPC to respect all of its obligations to CI under the Fourth Amendment and enjoin MPC from granting any licenses for certain Microban Additives for any product covered by the Fourth Amendment. MPC claims that it never approved the Fourth Amendment and therefore such amendment has never gone into effect.

On September 29, 2009, the Quebec Superior Court entered a safeguard order requiring MPC, Microban Canada and CI to conduct business under the terms of the Fourth Amendment. This order has been renewed on October 5, 2009, February 22, 2010, and March 31, 2010.

On February 8, 2010, MPC filed its Complaint (Document #1) in this Court against Microban Canada alleging breach of the EDSRA, breach of implied covenant of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and requesting a declaration that it may terminate the EDSRA due to Microban Canada's breaches.

On April 1, 2010, Microban Canada filed its Answer (Document #12) and denied that MPC has any claims against it. Additionally, Microban Canada brought two counterclaims against MPC. Microban Canada seeks a declaratory judgment that the Fourth Amendment is a

---

[1] A mise en cause is a party whose presence is regarded as necessary to permit complete resolution of the action. Unlike a defendant, no conclusions are usually sought against the mise en cause by the Plaintiff. Pursuant to Quebec procedural law, a defendant usually cannot bring unrelated claims that it may have against a mise en cause. (Smith Aff. ¶5-Document #19)

valid and binding contract and that Microban Canada has not breached the EDSRA, as well as damages for MPC's breach of the EDSRA. On April 1, 2010, Microban Canada also filed its Motion to Stay, which has been fully briefed and is, therefore, ripe for disposition.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting part makes only general or conclusory objections that do not direct the court to specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation.

## III. DISCUSSION OF LAW

The Defendant objects to the Magistrate Judge's Memorandum and Recommendation on three grounds. First, Defendant contends that the Magistrate Judge erroneously applied the *Colorado River* doctrine to Defendant's request for a stay. Second, Defendant argues that the Magistrate Judge erroneously concluded that the instant case and the Canadian case are not parallel proceedings. Finally, Defendant contends that the Magistrate Judge failed to consider the implications of international comity entailed by allowing this case to proceed, potentially interfering with previously filed proceedings in Canada.

### A. Defendant's Objection to the Magistrate's *Colorado River* Analysis

Defendant first contends that the Magistrate Judge erroneously relied on the *Colorado River* doctrine in this case. Defendant argues that *Colorado River* does not apply when a party seeks a stay of a federal case during concurrent foreign proceedings. Instead, Defendant argues, *Colorado River* only applies when a party seeks a dismissal of a federal court action based on a state court action that concerns the same subject matter. As such, Defendant contends that its motion should be analyzed under the doctrinal framework of the court's inherent power to stay litigation proceedings and its power to stay proceedings under principles of international comity.

Defendant points to three cases from other circuits, which it contends, have determined that the *Colorado River* doctrine does not apply when a stay is requested during the pendency of a foreign case. *Royal Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 96 (2d Cir. 2006); *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994); *Brinco Mining Ltd. v. Federal Insurance Co.*, 552 F. Supp. 1233, 1240 (D.D.C. 1982).

This Court finds the non-binding precedent cited by Defendant distinguishable. Not one of the cases cited by Defendant rejects application of the *Colorado River* doctrine to a motion to stay when there is a pending foreign suit. In *Brinco*, the D.C. Circuit applied a modified *Colorado River* analysis to a motion to dismiss a United States suit filed by a Canadian corporation seeking a declaration that its insurer was obligated to provide coverage for asbestos-related injuries. *See Brinco*, 552 F. Supp. at 1240-42. The Second Circuit, in *Royal*, reversed the district court's dismissal of pending US litigation in favor of pending litigation in Canada because the district court "failed to give proper weight to the virtually unflagging obligation to exercise the jurisdiction given it." *Royal*, 466 F.3d at 91 (citing *Colorado River Water*

5

*Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). The Second Circuit expressed no opinion as to whether a stay would be appropriate on remand, nor did the Second Circuit articulate a clear framework under which the district court should analyze such a motion to stay. *Id.* at 96-97. Finally, the Eleventh Circuit in *Turner* recognized that courts have applied two approaches in the context of "international abstention" cases. *Turner*, 25 F.3d at 1518. (recognizing the modified *Colorado River* approach and a similar approach "with a clearer emphasis on the concerns of international comity implicated by the exercise of jurisdiction."). Notably, the *Turner* court found both lines of cases helpful to its analysis. *Id.*

In sum, the cases cited by Defendant at most recognize two approaches in "international abstention" cases: a modified *Colorado River* approach and a second similar approach that emphasizes international comity. Clearly, however, these cases do not support the position that the *Colorado River* doctrine is inapplicable when only a stay is requested during the pendency of a foreign case.

This Court finds the doctrinal framework articulated in *Al-Abood v. El Shamari*, 217 F.3d 225 (4th Cir. 2000), appropriate for analyzing "international abstention" cases and cases where a stay is sought due to a pending foreign proceeding. In *Al-Abood*, the Fourth Circuit affirmed the district court's decision not to abstain from hearing a case when there was pending foreign litigation based upon the *Colorado River* doctrine. *Id.* at 232. Applied to "international abstention" cases, the modified *Colorado River* analysis is much like the one a court conducts when deciding whether to abstain from hearing a case because a parallel case is being heard in state court. The framework begins with two basic notions. First, "in certain circumstances it may be appropriate for a federal court to refrain from exercising its jurisdiction to avoid duplicative

6

litigation" *Id.* (internal citations omitted). Second, "abstention is the exception rather than the rule." *Id.* With these principles in mind, the court must then determine whether there are parallel suits. Only after the Court has determined that parallel suits exist, is it appropriate for a district court to carefully balance the applicable factors to determine whether to exercise jurisdiction. Although *Al-Abood* involved appeal of a district court's decision not to abstain from hearing US litigation when there is a pending foreign case, this Court finds the framework equally applicable to a motion to stay when there is pending foreign litigation.[2] *See e.g.*, *Moses H. Cone Mem Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that in a *Colorado River* abstention case where "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata . . . [and the] stay order amounts to a dismissal of the suit"). Accordingly, the Magistrate Judge appropriately analyzed Microban Canada's motion to stay under the *Colorado River* framework.

**B. Defendant's Objection to the Magistrate Judge's Conclusion that this Case and the Canadian Case are not Parallel Proceedings**

Defendant next contends that the Magistrate Judge erroneously concluded that the proceedings are not parallel because: (1) the parties are not the same; and (2) the issues involved in the two suits are different.

"The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel suits." *Al-Abood*, 217 F.3d at 232. Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.*

---

[2] In fact, the appellant in *Al-Abood* argued that the district court abused its discretion when it failed to abstain from hearing the US litigation or, alternatively, stay the US case.

(quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1072 (4th Cir. 1991)). However, actions that are virtually identical are not considered parallel if they raise different issues or seek different remedies. *New Beckley Mining Corp.*, 946 F.2d at 1074.

Contrary to Defendant's contentions, this Court finds that the two suits are not parallel proceedings. Turning to the issue of whether the parties are substantially similar, this Court recognizes that the presence of an additional party alone does not defeat the parallel nature of lawsuits. *Sto Corp. v. Lancaster Homes, Inc.*, 11 Fed. App'x 182, 187 (4th Cir. 2001). Nevertheless, this Court also recognizes that "the decision whether to stay or dismiss a federal action on grounds of wise judicial administration does not rest on a mechanical checklist, but on careful balancing of important factors." *Moses H. Cone*, 460 U.S. at 2. While there is only one additional party in this case, the similarity of the two suits is also changed by the fact that the current Plaintiff is a mise en cause in the Quebec case. When examined together, the presence of an additional party and the current Plaintiff's status as a mise en cause in the Quebec case precludes the parties from being declared "substantially similar."

Moreover, the issues involved in the two suits are different. The main issue in the Quebec case is whether the Fourth Amendment to the Agreements is a valid contract between MPC and CI. Meanwhile, the federal suit is broader than the Quebec case, and concerns the interpretation of a separate contract, the EDSRA, that is not at issue in the Quebec case. The interpretation of the EDSRA will determine a different set of rights between MPC and Microban Canada that are not at issue in the Quebec case. *See R.J. Reynolds Tobacco v. Market Basket Food Stores, Inc.*, No. 5:05cv253-V, 2006 WL 2270403 at *6 (W.D.N.C. Aug. 7, 2006) ("The Fourth Circuit has been reluctant to find actions parallel where there is any substantive difference between the actions."). Additionally, the plaintiffs in the two suits seek different relief. In the Quebec case,

CI seeks declaratory and injunctive relief. In the instant case, MPC and Microban seek to recover monetary damages in addition to declaratory relief.

Ultimately, because the two suits involve different parties, different issues, and different remedies, the Court finds that they are not parallel proceedings. *See McLaughlin v. United Va. Bank*, 955 F.2d 930, 934-35 (4th Cir. 1992) (stating that although the two actions involve similar claims and there were facts in common, the actions were not parallel because neither the parties nor the legal theories were the same); *New Beckley Mining Corp.*, 946 F.2d at 1074 (noting that "some factual overlap does not dictate that proceedings are parallel."). Therefore, because the suits do not meet the threshold question of being parallel proceedings, it is unnecessary for this court to analyze the other abstention factors. *See Al-Abood*, 217 F.3d at 233.

**C. Defendant's Objection that the Magistrate Judge Failed to Address the Consideration of International Comity, Judicial Efficiency and Fairness to the Parties**

Defendant's third objection is that the Magistrate Judge erred by failing to consider principles of international comity, judicial efficiency and fairness to the parties in deciding the motion to stay. This Court finds no such error in the magistrate's memorandum and recommendation. As stated, *supra*, the Magistrate Judge properly analyzed the Defendant's motion for stay under the *Colorado River* framework. Pursuant to the *Colorado River* framework and *Al-Abood v. El Shamari*, 217 F.3d 225 (4th Cir. 2000), the Court must first determine whether the proceedings are parallel before balancing factors to determine if abstention is appropriate. *See Moses H. Cone*, 460 U.S. at 16 (once it is determined that parallel suits exist, then a district court must carefully balance several factors, "with the balance heavily weighted in favor of the exercise of jurisdiction."). Having determined that the current suit and the Quebec

9

suit are not parallel, an analysis of international comity, judicial efficiency and fairness is not necessary.

## IV. CONCLUSION

After a *de novo* review of the sections of the "Memorandum and Recommendation" to which Plaintiff specifically objected, and a careful review of the portions of the Recommendation to which there were no specific objections, this Court agrees with the recommendation of the Magistrate Judge and adopts said recommendation to the extent it is not inconsistent with this Order.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Stay Proceedings (Document #9) is hereby **DENIED.**

Signed: January 26, 2011

Richard L. Voorhees
United States District Judge